RECEIVED
IN LAKE CHARLES, LA
JUL 12 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 94-20069** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOSEPH MELBERT** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the Court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [doc. #236] filed by Petitioner, Joseph Melbert, wherein Petitioner complains that his Sixth Amendment right was violated because the district court enhanced his sentence based on facts it found by a preponderance of the evidence at the sentencing hearing.[1] The United States has responded to the motion and Petitioner has replied.

On April 6, 1995, Joseph Melbert was found guilty by a jury as to Counts Six, Seven and Nine. Count Six charged defendant with intent to distribute powdered cocaine; Count Seven charged him with possession with intent to distribute cocaine base crack; and Count Nine charged the defendant with using and carrying a firearm in connection with a drug trafficking offense.

On July 20, 1995, Melbert was sentenced to 151 months imprisonment as to Counts Six and Seven. The 60-month sentence as to Count Nine was to run consecutively with the sentences imposed on the other counts. Upon release from incarceration, Melbert is to be on supervised release for five years.

---

[1] Petitioner cites *Booker v. United States*, 125 S.Ct. 738 (2005).

On May 30, 1996, the United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentences on Counts Six and Seven, but reversed the Conviction on Count Nine.[2]

On September 9, 1997, Melbert filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On November 3, 1997, the Court denied the motion. On January 13, 1998, the Court denied Melbert's request for a certificate of appealability. On July 21, 1998, the judgment by the United States Court of Appeals for the Fifth Circuit denying Melbert's request for a certificate of appealability was filed in the district court record. Melbert filed the instant § 2255 motion on February 16, 2005.

The government maintains that this Court does not have jurisdiction to entertain Melbert's successive § 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the defendant must receive authorization from the court of appeals before he can file this successive § 2255 motion.[3]

Melbert argues that because the first § 2255 motion was denied on the basis that it was untimely, he was unable to appeal to the Fifth Circuit the merits of his § 2255 motion. Thus, he concludes that this § 2255 motion is not a successive motion, but a first submission. Melbert cites no authority to support this argument, nor is this Court aware of any. The court finds that the instant § 2255 motion is a successive motion that mandates that Melbert receive permission from the Fifth Circuit Court of Appeals before he can again challenge his conviction or sentence in the district

---

[2] *United States of America v. Joseph Melbert*, No. 95-30437 (5th Cir. May 30, 1996).

[3] 28 U.S.C. § § 2255, 2244(b)(3)(A). *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2999);*United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

2

court.[4]

## CONCLUSION

Based on the foregoing, the motion to vacate, set aside or correct sentence filed by Petitioner, Joseph Melbert, will be dismissed without prejudice pending authority form the Fifth Circuit Court of Appeal to file a successive §2255.

Lake Charles, Louisiana, this 12 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2244(b)(3)(A) provides the following:
   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.